IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN JAMES AZURE,<br><br>Petitioner,<br><br>vs.<br><br>SHERIFF JESSE SLAUGHTER,<br><br>Respondent. | Cause No. CV 26-275-GF-SPW<br><br><br><br>ORDER |

This matter comes before the Court on an amended petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by state pretrial detainee Brian James Azure ("Azure"). (Doc. 5.)

Azure previously filed an application seeking to proceed under 28 U.S.C. § 2255. (Doc. 1.) Azure was advised that he improperly filed a § 2255 motion, because he was not a federal prisoner. He was also informed that he could not challenge the current conditions of his confinement in a habeas corpus petition, but would need to do so, if at all, in civil rights action filed under 42 U.S.C. § 1983. Azure was provided an opportunity to file an amended petition. *See generally*, (Doc. 4.) Azure timely complied.

Azure explains that as of April 30, 2026, he is being held in the Cascade County Detention Center on two separate $50,000 consecutive bonds, imposed in

conjunction with two separate criminal cases. (Doc. 5 at 3.) He had previously been released, but his pretrial release was revoked in April of this year after he provided an apparently dirty drug patch, violating his release conditions. (*Id.* at 8-9.) Azure made a prior unsuccessful challenge to his pretrial incarceration in November of last year before the Montana Supreme Court, however, he acknowledges he has not challenged his present incarceration upon revocation of his pretrial release in the state courts. (*Id.* at 3, 7-8); *see also, Azure v. Slaughter*, No. OP 25-0769, Ord. (Mont. Nov. 25, 2025).

In the present matter, Azure alleges: (1) he is being held on an excessive bail due to an allegedly dirty drug patch; (2) the consecutive and excessive bail violates his rights under the Eighth Amendment; (3) his right to procedural due process has been violated in his state criminal proceedings; and, (4) he is subjected to cruel and unusual punishment relative to excessive force used against him and the corresponding denial of health care while incarcerated. (Doc. 5 at 7-9.) Azure indicates he has a civil rights action pending which raises claims similar to those presented in the instant matter. (*Id.* at 5)(referencing *Azure v. Great Falls Police Department et al.*, No. CV-25-72-GF-DLC).

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30

(2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this Court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Azure acknowledges that he has not yet been convicted or sentenced in Montana's Eighth Judicial District Court and that his state criminal proceedings are presently ongoing. Additionally, while Azure filed a prior habeas petition with the Montana Supreme Court, he has not challenged his recent incarceration or the events which occurred following the revocation of his pretrial release. Thus, to the extent that Azure presents cognizable federal habeas claims, such claims are presently unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith

without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Azure's dissatisfaction with the nature of his state proceedings, and his disagreement with the bond imposed by the district court, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Azure may attempt to obtain the relief he seeks via his pending state criminal proceedings or on direct appeal therefrom.

Azure has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. His petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).

The claims Azure attempts to present are either unexhausted, do not sound in federal habeas, and/or do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Azure's Amended Petition (Doc. 5) is DISMISSED without prejudice as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 14th day of August, 2026.

Susan P. Watters
Susan P. Watters
United States District Court Judge